**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

Teresa M. Halvorson,

Plaintiff,

v.

Conseco Finance Corp., a Delaware Corporation,

Defendant.

**Court File No. 01-1774 RHK/JMM**

**STIPULATION AND PROTECTIVE ORDER**

---

**STIPULATION**

1. The parties, by their attorneys, hereby stipulate and agree that all customer information, employee information, wage data, internal and confidential marketing information, financial and auditing data, Conseco Finance Servicing Corp. ("Conseco") policies and practices related to customers, and strategic planning data produced by the parties in response to discovery requests (including deposition testimony) or as disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure in this matter may be designated as confidential by either party and will be disclosed only to those experts, witnesses, or attorneys who have a need for such disclosure and who are directly involved in the preparation for or trial of this action (hereinafter Confidential Information). Either party may designate the above information as confidential by marking the designated documents or portions of documents "confidential" or by designating by letter to opposing counsel the portions of any deposition that are confidential within two weeks of receiving the deposition transcript. Should it be necessary to disclose any Confidential Information to others in preparation of this action, counsel shall obtain the written authorization of opposing counsel or an Order of the Court allowing such disclosure before the disclosure of

FILED APR 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_______
DEPUTY CLERK_______

any Confidential Information. Opposing counsel may reasonably object to any designation of confidentiality and present any unresolved disputes to the Court by motion.

2. All Confidential Information produced in response to discovery requests or as Rule 26 disclosures and the contents thereof shall be used only in connection with this action and shall not be used for any business, competitive, or personal purpose or any other purpose.

3. All Court submissions containing references to confidential information or to information that the parties dispute is confidential shall be filed under seal with the Clerk of Court.

4. This Stipulation and Order shall not be construed to impair the ability of any party to present evidence at hearings on motions or at trial or to govern such proceedings; any party may make an application to the Court regarding confidentiality of matters occurring during such proceedings.

5. Within 90 days of the conclusion of this litigation and any appeal thereof, all persons subject to the terms of this Stipulation and Protective Order shall:

(a) Destroy or assemble and return to the opposing party all such Confidential Information, including portions of depositions, and deposition exhibits consisting of or containing Confidential Information, and all copies thereof; and

(b) Destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, reflect, contain, concern or disclose the contents of Confidential Information; except that counsel may retain one archival copy of pleadings which contain Confidential Information, which material will otherwise remain subject to this Protective Order.

(c) Provisions (a) and (b) shall not apply to confidential documents which have been made public through hearings, trial or Orders of the Court.

6. The terms of this Protective Order shall survive and remain in effect after the termination of this litigation.

7. The foregoing Stipulation is entirely without prejudice to the right of either party to apply to the Court for any further protective order relating to any Confidential Information; or to apply to the Court for an Order compelling production of documents; or for modification of, or for an Order permitting the disclosure of any confidential documents or information beyond the terms of this Stipulation.

8. This Protective Order is subject to modification at any time upon further stipulation of the parties or pursuant to Order of the Court.

The parties hereby request that the Court, without hearing, render an Order incorporating the terms of this Stipulation.

Dated: April 3

NICHOLS, KASTER & ANDERSON, LLP

By ______________________
James H. Kaster
Attorney Reg. No. 53946
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-1919

**ATTORNEYS FOR PLAINTIFF TERESA M. HALVORSON**

Dated: April 4, 2002

BRIGGS AND MORGAN

By ______________________
Ann Huntrods
Attorney Reg. No. 132640
2200 First National Bank Building
St. Paul, Minnesota 55101
(651) 223-6549

**ATTORNEY FOR DEFENDANT CONSECO FINANCE CORPORATION**

**PROTECTIVE ORDER**

Based on the files, records and proceedings to date, and proceedings to date, and the foregoing Stipulation:

IT IS HEREBY ORDERED that the parties and their counsel shall comply with the terms and conditions set forth in the above Stipulation.

Dated this 12 day of April, 2002.

BY THE COURT

John M. Mason
Magistrate Judge of District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.