UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ORIGINAL

---

Teresa M. Halvorson,

Plaintiff,

v.

**STIPULATION TO AMEND COMPLAINT**

Conseco Finance Corporation,
a Delaware Corporation

Defendant.

Court File No. 01-1774 RHK/JMM

---

It is hereby stipulated by the undersigned on behalf of the parties hereto that the amended complaint in the above-entitled action is amended to reflect the changes contained in the amended complaint attached as Exhibit A. It is further stipulated by the undersigned that the answers heretofore served on Plaintiff shall be deemed to be an answer to the amended complaint. Any new matters alleged in the second amended complaint shall be deemed to be denied unless admitted or otherwise alleged by Defendant hereafter in a subsequent pleading.

Dated: May 20, 02

NICHOLS KASTER & ANDERSON PLLP

James H. Kaster #53946
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 338-1919
ATTORNEY FOR PLAINTIFF

FILED MAY 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Dated: May 17, 2002

BRIGGS AND MORGAN, P.A.

Ann Huntrods #132640
2200 First National Bank Building
Saint Paul, MN 55101
(651) 223-6549
ATTORNEY FOR DEFENDANT

**ORDER**

**It is so ordered.**

Date: May 22, 2002

Hon. John M. Mason
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Teresa M. Halvorson,

Plaintiff,

v.

**AMENDED COMPLAINT**
(JURY TRIAL DEMANDED)

Conseco Finance Corporation,
a Delaware Corporation

Defendant.

Court File No. 01-1774 RHK/JMM

---

Plaintiff by her attorneys, Nichols Kaster & Anderson, PLLP, states the following as her claims against Defendant:

**JURISDICTION AND VENUE**

1. This court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under Title 28, U.S.C., §§ 1331 and 1343, this action being brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and under Title I and Title V of the Americans with Disability Act of 1990, 42 U.S.C. § 12101 et seq. Plaintiff also asserts claims under the Minnesota Human Rights Act, Minnesota Statutes § 363.01 et seq., for which jurisdiction is based on the doctrine of supplemental jurisdiction. Finally, Plaintiff states certain Minnesota common law claims, for which jurisdiction is also based on the doctrine of supplemental jurisdiction.

2. Venue is proper under 28 U.S.C. § 1391 because the unlawful practices described herein have been committed in the District of Minnesota, and the employment records relevant to these practices are, on information and belief, maintained and administered at the offices of Defendant in the District of Minnesota.

## PARTIES

3. Plaintiff Teresa M. Halvorson ("Halvorson") is an individual residing at 1260 Cuyulle Bay, Faribault, Minnesota 55021.

4. Defendant Conseco Finance Corporation ("Conseco") is a Delaware corporation doing business at 332 Minnesota Street, Suite #N500, Saint Paul, Minnesota 55101.

## FACTUAL ALLEGATIONS

5. Halvorson began working for Conseco as an Application Architect on May 8, 2000 and was assigned to work on a computer project. She was supervised on the project by Mark Bonjean ("Bonjean"), Vice President of Sales Division.

6. On May 28, 2000, Halvorson admitted herself to an inpatient alcohol rehabilitation program to be treated for alcoholism. She informed Conseco prior to entering the program, and Halvorson's immediate managers were very supportive of her treatment.

7. In early February 2001, Halvorson created a contest to name the computer system she was developing. Bonjean told Halvorson that the winner should get a date with her. Then he said, "No, when you are here, you'll be my date," referring to an upcoming meeting with Halvorson.

8. Bonjean insisted that Halvorson come to Pheonix, Arizona on February 26, 2001, for the installation of the computer project she had worked on.

9. During a meeting there, Bonjean asked Halvorson if she liked to drink and told her she "looked like someone who liked to drink." Halvorson told Bonjean that she was an alcoholic and could not drink. Throughout that day Bonjean repeatedly pressured Halvorson to go out drinking with him.

10. That evening Halvorson attended a work related dinner with Bonjean and another co-worker. Bonjean immediately began pressuring Halvorson to consume alcohol despite her repeatedly telling him that she did not wish to drink.

11. Bonjean ignored her request to stop and instead continually pressured Halvorson to drink. Bonjean ordered alcoholic drinks for Halvorson and held a glass of wine under her nose, until she finally submitted.

12. Once he had coerced Halvorson to drink, Bonjean continued to order drinks for her and encouraged her to keep drinking. Bonjean then began to make inappropriate comments to Halvorson and began touching her without her consent by placing his hand on her leg under the table.

13. Bonjean emphasized his close relationship to the President of Conseco and told Halvorson that if she stuck with him, she would go far in the company.

14. By the end of the dinner, Halvorson had become intoxicated. Bonjean drove Halvorson back to her hotel, where he followed her into her room.

15. Bonjean proceeded to kiss and undress Halvorson, who was too intoxicated to stop him. Bonjean and Halvorson then had sexual intercourse.

16. Upon returning to Minnesota, Halvorson reported the incident to her supervisor Ronald Williams, who said that similar incidents had happened before with Bonjean. No action was taken against Bonjean.

17. Several co-workers of Halvorson's told her that previous complaints against Bonjean to Conseco's Human Resources Department had been ignored and "swept under the rug."

18. Since the incident, Bonjean has made comments to Halvorson that he believes Halvorson will drink with and have sex with him again. When Halvorson told him that she did not want the incident to occur again, Bonjean laughed and said, "sure you don't."

19. As a result of the incident, Halvorson suffered a relapse of her alcoholism which required her to receive treatment through an outpatient relapse program, and other pain and suffering.

20. Halvorson timely filed a charge of discrimination with the Equal Employment Opportunity Commission on July 16, 2001. The EEOC issued a Notice of Right to Sue on July 27, 2001. The EEOC issued an Amended Notice of Right to Sue on March 15, 2002.

## COUNT I

## SEX DISCRIMINATION – TITLE VII

21. By reference hereto, Plaintiff incorporates paragraphs 1 through 20 of her complaint.

22. Plaintiff and Defendant herein named are employee and employer respectively for purposes of the definition set forth in 42 U.S.C. § 2000e et seq.

23. 42 U.S.C. § 2000e-2 provides that it is unlawful for an employer "because of...sex...to discriminate against any individual with respect to compensation, terms, conditions, facilities or privileges of employment."

24. Defendant's conduct violated 42 U.S.C. § 2000e et seq.

25. As a result of Defendant's violations of 42 U.S.C. § 2000e et seq., Plaintiff has suffered past and present mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other pain and suffering in an amount in excess of $75,000.00.

26. Defendant's sex discrimination was deliberate and intentional and committed with malice, reckless disregard, or deliberate disregard for the rights of the plaintiff.

27. As a result, Plaintiff is entitled to punitive damages, her costs, disbursements, and attorney's fees incurred herein.

**COUNT II**

**DISABILITY DISCRIMINATION – AMERCIANS WITH DISABILITIES ACT**

28. By reference hereto, Plaintiff incorporates paragraphs 1 through 27 of her complaint.

29. Plaintiff and Defendant herein named are employee and employer respectively for purposes of the definition set forth in 42 U.S.C. § 12101 et seq.

30. 42 U.S.C. § 12112 provides that it is unlawful for an employer "to discriminate against a qualified individual with a disability because of the disability of such individual in regard to...advancement,...employee compensation, job training, and other terms, conditions, and privileges of employment."

31. 42 U.S.C. § 12112 defines discriminate as "utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability."

32. Plaintiff asserts that alcoholism is a disability as defined by 42 U.S.C. § 12101 et seq. and interpreted through case law.

33. Through the acts of its agent Mark Bonjean, Defendant harassed and discriminated against Plaintiff on account of her disability in violation of 42 U.S.C. § 12101 et seq.

34. As a result of Defendant's violations of 42 U.S.C. § 12101 et seq., Plaintiff has suffered past and present mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other pain and suffering in an amount in excess of $75,000.00.

35. Defendant's disability discrimination was deliberate and intentional and committed with malice, reckless disregard, or deliberate disregard for the rights of the plaintiff.

36. As a result, Plaintiff is entitled to punitive damages, her costs, disbursements, and attorney's fees incurred herein.

## COUNT III

### SEX DISCRIMINATION -- MINNESOTA HUMAN RIGHTS ACT

37. By reference hereto, Plaintiff incorporates paragraphs 1 through 36 of her complaint.

38. Plaintiff and Defendant herein named are employee and employer respectively for purposes of the definition set forth in Minn. Stat. §363.01, subd. 16 and 17.

39. Minn. Stat. §363.03 Subd.1(2) provides that it is unlawful for an employer "because of sex...to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities or privileges of employment."

40. Sex discrimination under Minn.Stat. § 363.03 includes sexual harassment as defined by Minn.Stat. § 363.01(41).

41. Minn.Stat. § 363.01(41) states:

> Sexual harassment includes unwelcome sexual advances, requests for sexual favors, sexually motivated physical contact or other communication of a sexual nature when. . . that conduct or communication has the purpose or effect of substantially interfering with an individual's employment . . .

> or creating an intimidating, hostile or offensive employment . . . environment. . . .

42. Defendant's conduct described herein, including the acts of sexual harassment, constitutes sex discrimination in violation of Minn. Stat. §363.03.

43. As a result of Defendant's violations of Minn. Stat. §363.03, Plaintiff has suffered past and present mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages in an amount in excess of $75,000.00.

44. Defendant's sex discrimination was deliberate and intentional and committed with malice, reckless disregard, or deliberate disregard for the rights of the plaintiff.

45. As a result, Plaintiff is entitled to punitive damages, her costs, disbursements, and attorney's fees incurred herein.

## COUNT IV

## DISABILITY DISCRIMINATION -- MINNESOTA HUMAN RIGHTS ACT

46. By reference hereto, Plaintiff incorporates paragraphs 1 through 45 of her complaint.

47. Plaintiff and Defendant herein named are employee and employer respectively for purposes of the definition set forth in Minn. Stat. §363.01, subd. 16 and 17.

48. Minn. Stat. §363.03, subd.1(2) provides that it is unlawful for an employer "because of…disability...to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities or privileges of employment."

49. Plaintiff asserts that she is a qualified disabled person as defined by Minn. Stat. § 363.01, subd. 35.

50. Through the acts of its agent Mark Bonjean, Defendant harassed and discriminated against Plaintiff on account of her disability in violation of Minn. Stat. § 363.01 et seq.

51. As a result of Defendant's violations of Minn. Stat. §363.03, Plaintiff has suffered past and present mental anguish, emotional distress, humiliation, embarrassment, loss of reputation and other damages in an amount in excess of $75,000.00.

52. Defendant's disability discrimination was deliberate and intentional and committed with malice, reckless disregard, or deliberate disregard for the rights of the plaintiff.

53. As a result, Plaintiff is entitled to punitive damages, her costs, disbursements, and attorney's fees incurred herein.

**COUNT V**

**VIOLATION OF RIGHT OF PRIVACY**

54. By reference hereto, Plaintiff incorporates paragraphs 1 through 53 of her complaint.

55. While employed by Defendant, Plaintiff was subjected to offensive touching, unwelcomed entry into her hotel room, and sexually explicit remarks by Bonjean, as described herein, which constituted an intrusion of Plaintiff's seclusion.

56. Plaintiff has a reasonable expectation of privacy, free from personal intrusion and Bonjean's intrusion of Plaintiff's seclusion occurred in a manner that was highly offensive to Plaintiff and is highly offensive to a reasonable person in Plaintiff's position. Bonjean's intrusion violated Plaintiff's right of privacy.

57. By reason of Bonjean's aforementioned conduct, which conduct was both negligent and intentional, Bonjean has caused Plaintiff to suffer damages including mental

anguish, humiliation, embarrassment and other pain and suffering in an amount to be determined at trial.

58. Defendant Conseco is liable for the conduct Mark Bonjean under the doctrine of respondeat superior.

59. Conseco is vicariously liable for all damages caused to Plaintiff.

## COUNT VI

### NEGLIGENT SUPERVISION AND RETENTION

60. By reference hereto, Plaintiff incorporates paragraphs 1 through 59 of her complaint.

61. Conseco has a duty to Plaintiff to use reasonable care in the retention and supervision of its employees to ensure the safety and reasonable care of the remaining employees.

62. Conseco breached this duty.

63. This breach of duty directly caused Plaintiff to suffer fright, humiliation, disgrace, past, present and future loss of income and emotional distress. These damages are in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a jury trial and the following relief:

1) For compensatory damages arising from mental anguish, emotional distress, humiliation, embarrassment, and other pain and suffering, in an amount in excess of $75,000;

2) For all damages permitted under Title VII of the Civil Rights Act of 1991, 42 U.S.C. §2000e, et seq., Title I and V of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq., and Minn. Stat. §363.01 et seq.;

3) For treble damages as provided by the Minnesota Human Rights Act;

4) For punitive damages as allowed by law;

5) For attorney fees, costs, and disbursements

6) For such other relief as the Court deems just.

DATED:

NICHOLS KASTER & ANDERSON, PLLP

By_________________________________

James H. Kaster #53946
4644 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 338-1919
ATTORNEY FOR PLAINTIFF

**AFFIDAVIT OF SERVICE BY UNITED STATES MAIL**
**Court File No. 01-1774 RHK/JMM**

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

**Teresa M. Halvorson v. Conseco Finance Corp.**

Melissa A. Boyles, being duly sworn, deposes and says on oath that on the 20th day of May, 2002, she served the attached documents:

1. **Noticc of Motion and Motion to Amend Pretrial Order;**
2. **Plaintiff's Memorandum of Law in Support of Motion to Amend Pretrial Order;**
3. **Stipulation and Order to Amend Pretrial Scheduling Order; and**
4. **Stipulation to Amend Complaint.**

upon the following:

Ann Huntrods, Esq.
Briggs and Morgan
2200 First National Bank Building
332 Minnesota Street
St. Paul, MN 55101

by arranging for the deposit of a true and correct copy thereof in a sealed envelope duly addressed to the above, postage pre-paid, by United States mail at Minneapolis, Minnesota.

Melissa A. Boyles

Melissa A. Boyles

Subscribed and sworn to before me
this 20th day of May, 2002.

Melissa Honkanen

Notary Public

MELISSA HONKANEN
NOTARY PUBLIC - MINNESOTA
My Commission Expires 1-31-05